**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| MIA VANBOENSCHOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. __________________ |
| | § | |
| DAVOL INC and C.R. BARD, INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants C.R. Bard, Inc. (hereinafter "Bard") and Davol Inc. (hereinafter "Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Court of Common Pleas, in and for Lexington County, South Carolina, to this Court. In support of removal, Bard and Davol state as follows:

## I.

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Complaint filed in the Court of Common Pleas, in and for Lexington County, South Carolina, on or about July 31, 2007. Bard and Davol were served with the Complaint on August 1, 2007. Neither Bard nor Davol have answered the Complaint.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Bard and Davol (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Court of Common Pleas in and for Lexington County, South Carolina, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 121(2).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after the first receipt by Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal. This action was not commenced in state court more than one year before the date of removal.

5. Pursuant to 28 U.S.C. § 1446(d), Bard and Davol are filing a written notice of this removal with the clerk of the Court of Common Pleas, in and for Lexington County, South Carolina, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II.

## THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A.

### The Amount-In-Controversy Requirement Is Satisfied

7. Although Bard and Davol deny Plaintiff's claims, and although Plaintiff does not plead an amount in controversy, Bard and Davol believe in good faith that more than $75,000 is

actually in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met.

8. Plaintiff's claims sound in product liability and seek recovery for injuries allegedly caused by a defective medical device – known as the Composix® Kugel® Hernia Patch – that was manufactured and sold by Davol and used by her doctors in conjunction with Plaintiff's hernia repair. (*See* Compl. ¶¶ 4-5.) Plaintiff claims that the medical device failed, causing her to suffer repeated medical surgeries and related procedures. (*See id.*) Plaintiff's Complaint states that, "[a]s a direct and proximate result of the [allegedly defective device], the Plaintiff suffered injury and has suffered and will continue to suffer the following damages: (a) Substantial medical and related expenses; (b) Excruciating pain and suffering; (c) Mental anguish and distress; (d) Loss of enjoyment of life; (e) Loss [of] income and loss of earning capacity; and (f) Permanent impairment of health and bodily efficiency." (*Id.* ¶ 5.) Plaintiff also seeks punitive damages. (*Id.* ¶ 22.)

9. The amount-in-controversy requirement is easily met here because the allegations set out in Plaintiff's Complaint make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 221 (D.N.H. 2004) (denying remand where, "[o]bjectively viewed, [the plaintiff's] claims for her [injuries] and the loss of consortium and emotional distress . . . could be valued at $75,000 or more"). In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin*, 133 F. Supp. 2d at 295-96 (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see*, *e.g.*, *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394

(S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

**B.**

**The Parties Properly Joined In This Action Are Completely Diverse**

10. On information and belief, Plaintiff is a resident and citizen of South Carolina. (*See* Compl. ¶ 1.)

11. Bard is, and has been at all relevant times, a corporation organized under the laws of the State of New Jersey with its principal place of business also in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

12. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendants C.R. Bard, Inc. and Davol Inc. respectfully remove this action from the Court of Common Pleas, in and for Lexington County, South Carolina, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Respectfully submitted,

Dated: August 13, 2007

GALLIVAN, WHITE & BOYD, P.A.

BY: s/Stephanie G. Flynn

Daniel B. White (Fed. Bar # 4612)
Stephanie G. Flynn (Fed. Bar # 7461)
One Liberty Square
55 Beattie Place, Suite 1200 (29601)
P. O. Box 10589
Greenville, SC 29603
Telephone: (864) 271-9580
Facsimile: (864) 271-7502
dwhite@gwblawfirm.com
sflynn@gwblawfirm.com

***ATTORNEYS FOR DEFENDANT C.R. BARD, INC. AND DEFENDANT DAVOL INC.***