# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

## Service of Process Transmittal

08/01/2007
Log Number 512455994

RECEIVED
AUG 0 3 2007
C.R. BARD, INC.
LAW DEPT

**TO:** Stephen Long, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ, 07974

**RE:** **Process Served in South Carolina**

**FOR:** Davol Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mia Vanboenschoten, Pltf. vs. Davol, Inc. and C.R. Bard, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Coversheet, Summons, Complaint |
| **COURT/AGENCY:** | Lexington County Court of Common Pleas, SC<br>Case # 2007-CP-32-2695 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personnel injuries, alleged to be caused by Kugel Patch. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Greenville, SC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/01/2007 at 15:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | Gary W. Popwell, Jr., Esquire<br>Lee, Eadon, Isgett, Popwell, and Reardon, P.A.<br>Post Office Box 1505<br>Columbia, SC, 29202<br>803-799-9811 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790304983610 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 75 Beattie Place<br>Greenville, SC, 29602 |
| **TELEPHONE:** | 864-240-3302 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

STATE OF SOUTH CAROLINA )
COUNTY OF LEXINGTON ) IN THE COURT OF COMMON PLEAS

COPY

MIA VANBOENSCHOTEN, Plaintiff(s) ) CIVIL ACTION COVERSHEET

FILED

vs. ______ - CP - 2007 JUL 31 P 2: 19

2007-CP-32-2695

DAVOL, INC. and C.R. BARD, INC., Defendant(s) )

BETH A. CARRIGG CLERK OF COURT LEXINGTON SC

(Please Print)
Submitted By: GARY W. POPWELL, JR.
Address: Post Office Box 1505
Columbia, S.C. 29202

SC Bar #: 7947
Telephone #: 803-799-9811
Fax #: 803-779-8572
Other:
E-mail: Gary@leiplaw.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (*Check all that apply*)

**If Action is Judgment/Settlement do not complete*

☒ **JURY TRIAL** demanded in complaint. ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |
| | | | ☐ Other (999) |

Special/Complex /Other

| | |
|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) |
| ☐ Other (699) | |

**Submitting Party Signature:** S/ [signature] **Date:** 7/30/07

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
08/01/2007
Log Number 512456030

**TO:** Jean Miller, Assistant Secretary
C. R. Bard, Inc.
730 Central Avenue, 730 Central Avenue
New Providence, NJ, 07974

**RE:** **Process Served in South Carolina**

**FOR:** C. R. Bard, Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mia Vanboenschoten, Pltf. vs. Davol, Inc. and C.R. Bard, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Coversheet, Summons, Complaint |
| **COURT/AGENCY:** | Lexington County Court of Common Pleas, SC<br>Case # 2007-CP-32-2695 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Personnel injuries, alleged to be caused by Kugel Patch. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Greenville, SC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/01/2007 at 15:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | Gary W. Popwell, Jr., Esquire<br>Lee, Eadon, Isgett, Popwell, and Reardon, P.A.<br>Post Office Box 1505<br>Columbia, SC, 29202<br>803-799-9811 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 790304990714<br>Email Notification, Jean Miller JEAN.MILLER@CRBARD.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 75 Beattie Place<br>Greenville, SC, 29602 |
| **TELEPHONE:** | 864-240-3302 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF LEXINGTON )

MIA VANBOENSCHOTEN, ) CIVIL ACTION COVERSHEET

Plaintiff(s) )

vs. ) ______ - CP - ______

DAVOL, INC. and C.R. BARD, INC., )

Defendant(s) )

2007-CP-32-2695

COPY FILED 2007 JUL 31 P 2:19

BETH A. CARRIGG CLERK OF COURT LEXINGTON SC

(Please Print)

Submitted By: GARY W. POPWELL, JR.
Address: Post Office Box 1505
Columbia, S.C. 29202

SC Bar #: 7947
Telephone #: 803-799-9811
Fax #: 803-779-8572
Other:
E-mail: Gary@leiplaw.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (*Check all that apply*)

***If Action is Judgment/Settlement do not complete***

- [x] **JURY TRIAL** demanded in complaint. ☐ **NON-JURY TRIAL** demanded in complaint.
- ☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
- ☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

**Contracts**
- ☐ Constructions (100)
- ☐ Debt Collection (110)
- ☐ Employment (120)
- ☐ General (130)
- ☐ Breach of Contract (140)
- ☐ Other (199) ______

**Torts - Professional Malpractice**
- ☐ Dental Malpractice (200)
- ☐ Legal Malpractice (210)
- ☐ Medical Malpractice (220)
- ☐ Notice/ File Med Mal (230)
- ☐ Other (299) ______

**Torts – Personal Injury**
- ☐ Assault/Slander/Libel (300)
- ☐ Conversion (310)
- ☐ Motor Vehicle Accident (320)
- ☐ Premises Liability (330)
- ☐ Products Liability (340)
- ☐ Personal Injury (350)
- ☐ Wrongful Death (360)
- ☐ Other (399) ______

**Real Property**
- ☐ Claim & Delivery (400)
- ☐ Condemnation (410)
- ☐ Foreclosure (420)
- ☐ Mechanic's Lien (430)
- ☐ Partition (440)
- ☐ Possession (450)
- ☐ Building Code Violation (460)
- ☐ Other (499) ______

**Inmate Petitions**
- ☐ PCR (500)
- ☐ Sexual Predator (510)
- ☐ Mandamus (520)
- ☐ Habeas Corpus (530)
- ☐ Other (599) ______

**Judgments/Settlements**
- ☐ Death Settlement (700)
- ☐ Foreign Judgment (710)
- ☐ Magistrate's Judgment (720)
- ☐ Minor Settlement (730)
- ☐ Transcript Judgment (740)
- ☐ Lis Pendens (750)
- ☐ Other (799) ______

**Administrative Law/Relief**
- ☐ Reinstate Driver's License (800)
- ☐ Judicial Review (810)
- ☐ Relief (820)
- ☐ Permanent Injunction (830)
- ☐ Forfeiture (840)
- ☐ Other (899) ______

**Appeals**
- ☐ Arbitration (900)
- ☐ Magistrate-Civil (910)
- ☐ Magistrate-Criminal (920)
- ☐ Municipal (930)
- ☐ Probate Court (940)
- ☐ SCDOT (950)
- ☐ Worker's Comp (960)
- ☐ Zoning Board (970)
- ☐ Administrative Law Judge (980)
- ☐ Public Service Commission (990)
- ☐ Employment Security Comm (991)
- ☐ Other (999) ______

**Special/Complex /Other**
- ☐ Environmental (600)
- ☐ Automobile Arb. (610)
- ☐ Medical (620)
- ☐ Other (699) ______
- ☐ Pharmaceuticals (630)
- ☐ Unfair Trade Practices (640)
- ☐ Out-of State Depositions (650)

**Submitting Party Signature:** S/ [signature] **Date:** 7/30/07

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

COPY

STATE OF SOUTH CAROLINA

COUNTY OF LEXINGTON

MIA VANBOENSCHOTEN,

Plaintiff,

-vs-

DAVOL, INC., and C.R. BARD, INC.,

Defendants.

IN THE COURT OF COMMON PLEAS

FILED

DOCKET NO.:

2007 JUL 31 P 2: 19

BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

**SUMMONS**
**(JURY TRIAL DEMANDED)**

2007-CP32-2695

TO: THE DEFENDANT(S) ABOVE NAMED:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action of which a copy is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, 1314 Lincoln Street, Columbia, South Carolina, within thirty (30) days after the service thereof, exclusive of the date of such service and if you fail to answer, appear, or defend, judgment by default will be rendered against you for the relief demanded in the Complaint.

GARY W. POPWELL, JR.
Attorney for Plaintiff

ATTORNEYS LEE, EADON, ISGETT,
POPWELL AND REARDON, P.A.
Post Office Box 1505
Columbia, South Carolina 29202
(803) 799-9811

Columbia, South Carolina

July 30, 2007.

COPY

STATE OF SOUTH CAROLINA
COUNTY OF LEXINGTON

IN THE COURT OF COMMON PLEAS

DOCKET NO.:

FILED
2007 JUL 31 P 2: 19
BETH A. CARRIGG
CLERK OF COURT
LEXINGTON SC

MIA VANBOENSCHOTEN,

Plaintiff,

-vs-

DAVOL, INC., and C.R. BARD, INC.,

Defendants.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

2007-CP32-2695

The Plaintiff would respectfully show:

1. The Plaintiff is a resident of the County of Lexington, State of South Carolina.

2. The Defendant, Davol, Inc., is a corporation organized and existing under the laws of one of the States of the United States and maintains agents and servants, sells products, enters into sales contracts and regularly ship and delivers its products to the County of Richland, State of South Carolina for use in surgical procedures, and implantation into citizens of Richland County.

3. The Defendant, C. R. Bard, Inc., is a corporation organized and existing under the laws of one of the States of the United States and maintains agents and servants, sells products, enters into sales contracts and regularly ship and delivers its products to the County of Richland, State of South Carolina for use in surgical procedures, and implantation into citizens of Richland County.

**FACTS COMMON TO ALL THEORIES OF LIABILITY**

4. Prior to August 12, 2004, a Bard Kugel Hernia Patch (hereinafter "Kugel Patch") manufactured by C. R. Bard, Inc. (hereinafter "Bard"), and distributed by Davol, Inc. (hereinafter

"Davol") sold to Lexington Medical Center was implanted in Plaintiff at Lexington Medical Center to repair her ruptured hernia. On August 12, 2004, Plaintiff's hernia ruptured again due to failure of the Kugel Patch and Dr. James D. Givens at Lexington Medical Center implanted another Kugel Patch in the Plaintiff. Subsequently, Plaintiff's hernia ruptured again and a third surgery is necessary, but has yet to be conducted.

5. As a direct and proximate result of the aforestated, the Plaintiff suffered injury and has suffered and will in the future suffer the following damages:

(a) Substantial medical and related expenses;

(b) Excruciating pain and suffering;

(c) Mental anguish and distress;

(d) Loss of enjoyment of life;

(e) Loss income and loss of earning capacity; and

(f) Permanent impairment of health and bodily efficiency.

**FOR A FIRST THEORY OF LIABILITY**
(Breach of Warranty)

6. The Plaintiff realleges the above allegations of Paragraphs one through six as if repeated verbatim herein.

7. At all times material to this action, the Defendants had reason to know that the Plaintiff's physician and/or Lexington Medical Center was purchasing and using the Kugel Patches for the purpose of surgical implantation and hernia repair, based on the nature of the purchaser's business and the purposes for which the device was manufactured.

8. The Defendants expressly and impliedly warranted that the Kugel Patches were fit for safe use for the particular purpose of repairing a hernia for an extended period of time.

9. As merchants of the Kugel Patch, the Defendants further impliedly warranted that the devices in question were merchantable within the meaning of S.C. Code Ann. § 36-2-314 and corresponding uniform statutory enactments.

10. The Kugel Patches were in fact neither fit for the particular purpose contemplated nor fit for the ordinary use of such surgical devices by virtue of defective and dangerous conditions set out herein, all in breach of said express and implied warranties.

11. A number of patients, including the Plaintiff, were at all times material to this action contemplated by the Defendants as beneficiaries of its express and implied warranties as relates to safe use of said device.

12. As a direct and proximate result of Defendants' breach of warranties, the Plaintiff suffered injuries and damages as set forth herein.

**FOR A SECOND THEORY OF LIABILITY**
(Strict Liability in Tort)

13. The Plaintiff realleges the above allegations of paragraphs one through twelve as if repeated verbatim.

14. The Defendants were at all times material to this action engaged in the business of manufacturing and/or selling and/or distributing and/or providing Kugel Patches used in hernia surgical procedures, including the device in question, to persons such as the Plaintiff and/or her physician for extended hernia repair.

15. The Defendants at all times material to this action expected the Kugel Patches to reach users, including one such as the Plaintiff, without substantial change in the condition in which it was sold, and the Kugel Patches did in fact so reach the Plaintiff.

16. When sold and at the time of the above described incident and injury suffered by

the Plaintiff, the Kugel Patches were in a defective condition unreasonably dangerous to users.

17. At all times material hereto, it was reasonably foreseeable to the Defendants that the defective and unreasonably dangerous conditions of the Kugel Patches would place a potential user and/or recipient, including one in a position such as the Plaintiff, at risk of serious bodily injury.

18. As a direct and proximate result of the defective and unreasonably dangerous condition of the devices in question, the Plaintiff suffered the injuries and damages complained of herein.

**FOR A THIRD THEORY OF LIABILITY**
(Negligent Design and Manufacturing)

19. The Plaintiff realleges the above allegations of paragraphs one through eighteen as if repeated verbatim.

20. At all times material to this action, Defendant Bard owed to its customers and users who might reasonably be expected to come into contact with or in close proximity to its Kugel Patches, a duty to test, inspect, and design the Kugel Patches in question with reasonable care. The Defendants owed a duty to its customers to inspect its products and provide safely designed, tested, manufactured and maintained products.

21. Defendants, acting through its agents, servants and employees, breached its duty of care by acting negligently, grossly negligently, recklessly, willfully and wantonly in the following respects:

(a) In failing to properly manufacture the Kugel Patch;

(b) In failing to properly design the Kugel Patch;

(c) In failing to properly and adequately test the Kugel Patch;

(d) In failing to warn users of the Kugel Patches in question of the risk of serious injury from its use;

(e) In failing to warn users of the Kugel Patches in question of the serious hazards associated with its use;

(f) In such other and further particulars as the evidence at trial may show.

22. The negligence, recklessness, willfulness, and gross negligence of the Defendant Bard was the direct and proximate cause of the injury and damages suffered by the Plaintiff.

The Plaintiff is informed and believes that Plaintiff is entitled to judgment in this matter as set out below.

**WHEREFORE**, Plaintiff prays for judgment for actual and punitive damages, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

GARY W. POPWELL, JR.
Attorney for Plaintiff

ATTORNEYS LEE, EADON, ISGETT,
POPWELL AND REARDON, P.A.
Post Office Box 1505
Columbia, South Carolina 29202
(803) 799-9811

Columbia, South Carolina

July 30, 2007.